IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV94-03-MU

| | |
|---|---|
| JAMES LAWSON LINDSAY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>S.T. WILLIAMS; CLAYTON JONES; and  )<br>ELAINE M. WHITEHEAD,  )<br>)<br>Defendants.  )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 27, 2007. (Document No. 1. )

Plaintiff's § 1983 Complaint alleges that Officer Williams of the Charlotte Mecklenburg Police Department, Clayton Jones, Assistant District Attorney in Mecklenburg County and Elaine Whitehead an employee of the Internal Revenue Service conspired against Plaintiff to get him convicted in state court. Plaintiff further contends that the Defendants conspired to obstruct the state court proceedings thus participating in malicious prosecution in violation of the Equal Protection Clause of the United States Constitution. Plaintiff also claims that Defendants' acts which lead to his malicious prosecution violated various other provisions of the United States Constitution. In short, Plaintiff claims that Defendants engaged in unlawful acts that lead to his conviction. By way of relief, Plaintiff seeks, among other things, compensatory and punitive damages.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. First, Elaine M. Whitehead, an employee

1

of the Internal Revenue Service, is not a state actor and therefore cannot be sued under 42 U.S.C. § 1983. Next, Mr. Clayton Jones, the Assistant District Attorney assigned to Plaintiff's underlying criminal case, would, most likely, be entitled to absolute immunity in the context of claims raised this lawsuit. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (prosecutor is entitled to absolute immunity for the performance of prosecutorial functions, as contrasted with administrative or investigatory functions); Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (Court accorded absolute immunity to prosecutor accused of maliciously and unlawfully charging plaintiff with murder reasoning that prosecutor's decision "whether and when to prosecute" was protected by absolute immunity.) Finally and most importantly, a 1983 action is not the appropriate vehicle to address Plaintiff's claim. "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If the prisoner cannot make this showing, his claim is not cognizable[1]. Thus, if the prisoner's claim would "necessarily imply" the invalidity of the prisoner's conviction or sentence, the district court should dismiss the § 1983 action unless the petitioner can demonstrate that the conviction or sentence is already invalidated. Id.

---

[1] Here, Plaintiff also claims malicious prosecution, which can be an appropriate claim under § 1983. However, such claim requires the allegation and proof of termination of the prior criminal proceeding in favor of the accused, which Plaintiff has not alleged. See Heck, 512 U.S. 477, 484 (1994). Furthermore, a claim that police officers conspired to prosecute plaintiff under state claim without any basis for the charge, which is essentially what Plaintiff claims, does not state a constitutional claim. Morrison v. Jones, 551 F.2d 939, 948 (4th Cir. 1977).

2

Plaintiff has not demonstrated that his conviction has been invalidated. Since his claim would necessarily imply the invalidity of his conviction or sentence, this Court must dismiss this § 1983 action. Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: March 1, 2007

Graham C. Mullen
United States District Judge