IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV94-03-MU

| | |
|---|---|
| JAMES LAWSON LINDSAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S.T. WILLIAMS; CLAYTON JONES; and )<br>ELAINE M. WHITEHEAD, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's "Rule 60 Motion" (Document No. 7.) On February 27, 2007 Plaintiff filed Complaint alleging that Officer Williams of the Charlotte Mecklenburg Police Department, Clayton Jones, Assistant District Attorney in Mecklenburg County and Elaine Whitehead an employee of the Internal Revenue Service conspired against him to get him convicted in state court. Plaintiff further alleged that the Defendants conspired to obstruct the state court proceedings thus participating in malicious prosecution in violation of the Equal Protection Clause of the United States Constitution. Plaintiff also claims that Defendants' acts which lead to his malicious prosecution violated various other provisions of the United States Constitution. In short, Plaintiff claimed that Defendants engaged in unlawful acts that lead to his conviction.

On March 1, 2007 this Court dismissed Plaintiff's Complaint for failure to state a claim for relief. (Document No. 5.) The Court based its conclusion on the reasoning contained in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ."  In the instant Motion, Plaintiff contends that this Court mistakenly concluded that 1) Ms. Whitehead, an IRS agent, could not be sued under 42 U.S.C. § 1983 because she is not a state actor and 2) that Mr. Clayton, the Assistant District Attorney would most likely be entitled to absolute immunity.  Plaintiff also argues that this Court failed to consider that he based his Complaint not just on 42 U.S.C. § 1983 but also on §§ 1985 and 1986 as well.

Plaintiff's assertions miss the most important reasoning for the Court's dismissal of his Complaint.  That being that if a prisoner cannot make the showing as outlined in Heck v. Humphrey, his claim is not cognizable[1].  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Stephenson v. Reno, 28 F.3d 26, 27 & n.1 (5th Cir. 1994) (applying holding in Heck to 42 U.S.C. § 1985 claim).  Plaintiff has not demonstrated that his conviction has been invalidated.  Since his claim would necessarily imply the invalidity of his conviction or sentence, this Court was correct in dismissing Plaintiff's Complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Rule 60 Motion is DENIED.

---

[1] Here, Plaintiff also claims malicious prosecution, which can be an appropriate claim under § 1983.  However, such claim requires the allegation and proof of termination of the prior criminal proceeding in favor of the accused, which Plaintiff has not alleged.  See Heck, 512 U.S. 477, 484 (1994).  Furthermore, a claim that police officers conspired to prosecute plaintiff under state claim without any basis for the charge, which is essentially what Plaintiff claims, does not state a constitutional claim.  Morrison v. Jones, 551 F.2d 939, 948 (4th Cir. 1977).

**SO ORDERED**.

Signed: April 2, 2007

Graham C. Mullen
United States District Judge